IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2018

**STATE OF TENNESSEE v. TRACY ARNOLD**

**Appeal from the Circuit Court for Henderson County**
**No. 14-142-2          Donald H. Allen, Judge**

_____

**No. W2018-00307-CCA-R3-CD**
_____

The Defendant, Tracy Arnold, appeals the Henderson County Circuit Court's revocation of her probation related to her convictions for attempted aggravated child abuse and neglect. After a review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

George Morton Googe, District Public Defender; and Hayley Johnson, Assistant Public Defender, Jackson, Tennessee, for the appellant, Tracy Arnold.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Jody Pickens, District Attorney General; and Angela Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 25, 2014, the Defendant pleaded guilty to attempted aggravated child abuse and neglect in the Henderson County Circuit Court. The trial court ordered the Defendant to serve eight years on probation, to be supervised by the community corrections program. The Defendant was supervised by a community corrections officer in Henderson County from November 25, 2014, until the Defendant relocated to Carroll County towards the end of July or early August in 2017. On August 30, 2017, the Defendant's new community corrections officer in Carroll County signed an affidavit

asserting that the Defendant had not attended her weekly appointments since July 19, 2017. The trial court executed an arrest warrant in September 2017, and the Defendant was arrested in December 2017.

The trial court held a hearing on January 26, 2018. The Defendant testified that she had missed her appointments because her husband had rearranged his work schedule and she had neither a car nor a driver's license to transport herself to the meetings. The Defendant also admitted to using methamphetamine on "a couple of occasions" while on probation. The trial court revoked the Defendant's probation because the Defendant admitted to violating the terms of her probation. The trial court ordered the Defendant to serve her eight-year sentence in confinement. The Defendant filed a timely notice of appeal.

## ANALYSIS

A trial court can revoke a defendant's probation "[i]f the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence." T.C.A. § 40-35-311(e)(1). Once a trial court finds by a preponderance of the evidence that a defendant has violated a term of her probation, the trial court may revoke the probation and order the imposition of the original judgment. T.C.A. § 40-35-110-311(e); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005). This court reviews the trial court's decision to revoke the Defendant's probation for abuse of discretion. *State v. Schaffer*, 45 S.W.3d 553, 555 (Tenn. 2001). To establish an abuse of discretion, the Defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. *Id.* at 554.

On appeal, the Defendant does not challenge the trial court's finding that she violated the terms of her probation. Rather, she maintains that the trial court erred in ordering her to serve her sentence in confinement. "An accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *Jeffery A. Warfield*, 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999). The Defendant, while under oath, admitted to violating the terms of her probation by using methamphetamine on "a couple of occasions." We conclude that the trial court did not abuse its discretion by revoking the Defendant's probation and ordering her to serve her sentence in confinement. Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE